**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                              :
DONNIE PRATOLA,               :
                              : Civil Action No. 13-7628 (RMB)
            Petitioner,       :
                              :
      v.                      : **MEMORANDUM OPINION AND ORDER**
                              :
SOUTHERN STATE                :
CORRECTIONAL FACILITY, et al.,:
                              :
            Respondents.      :
_____:

This matter comes before the Court upon Petitioner's submission of a habeas petition ("Petition") styled as a § 2241 application, which arrived unaccompanied by Petitioner's filing fee or by his application to proceed in this matter in forma pauperis. See Docket Entry No. 1.

Petitioner is a state prisoner confined at the Southern State Correctional Facility, Delmont, New Jersey. See Docket. His Petition asserts that he is serving a life sentence for a certain offense. See id. The website of the New Jersey Department of Corrections indicates that an inmate named "Donald Pratola," whom this Court presumes to be the Petitioner here, is serving numerous sentences, with life imprisonment being the longest among them, for two distinct and different groups of offenses, one committed on June 10, 1982, and another committed on May 18, 1981. See https://www6.state.nj.us/DOC_Inmate/details?x=1005387&n=0.

Petitioner asserts that he had six parole hearings on December 8, 1999; May 7, 2003; August 12, 2004; June 21, 2006; July 21, 2010; May 29, 2012), and the New Jersey Parole Board declined to release him on parole each time. See Docket Entry No. 1, at 1-2. Displeased with that development, Petitioner elected to focus on the fact that the mandatory minimum applicable, under state law, to life sentences, is less than the term he has served thus far. See id. at 2-4. Therefore, Petitioner commenced this matter asserting challenges to his prolonged confinement. See id. at 2-3 (demanding immediate release upon claiming that Petitioner is now serving his "third consecutive life term," that is, if the phrase "life term" is read to mean the mandatory *minimum* applicable to life sentences).[1]

To the extent Petitioner intended to challenge his confinement under 28 U.S.C. § 2241, this Court is without Section 2241 jurisdiction to entertain such challenges, regardless of their procedural/substantive merits or deficiencies. Section 2241 "confers habeas jurisdiction to hear the petition of a *federal* prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons,

---

[1] The rationale of Petitioner's belief that a "life" sentence must necessarily mean the term not exceeding the mandatory *minimum* is not entirely clear to this Court, since no state law provision or constitutional provision known to this Court warrants the construction preferred by Petitioner.

432 F.3d 235, 241 (3d Cir. 2005) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). In contrast, Section 2254 confers jurisdiction on a federal court to entertain writs of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). Section 2254 habeas applications are subject to "the heightened standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')," such as timeliness of the application, the litigant being in custody under the order he is challenging, etc. Washington v. Sobina, 509 F.3d 613, 618 (3d Cir. 2007). In addition, § 2254 applications are subject to the exhaustion requirement which, albeit not posing a jurisdictional demand, is faithfully enforced and excused only in narrow circumstances. See, e.g., Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b), (c)).

A state prisoner's challenge to denial of parole are, just as prisoner's challenge to his imposed sentence, § 2254 claims that must be timely under the limitations period set forth by the AEDPA, duly exhausted in the state fora, attacking only the parole-denying order pursuing to which the prisoner is in custody at the time he files his petition (rather than the previous denial-of-parole orders that have been superceded by the one currently in operation), etc. See, e.g., Roman v. Diguglielmo,

675 F.3d 204 (3d Cir. 2012); McAleese v. Brennan, 483 F.3d 206 (3d Cir. 2007); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001).

Correspondingly, here, it appears that the sole challenge Petitioner might raise is a timely, duly exhausted § 2254 attack on his May 29, 2012, parole hearing that imposed his denial-of-parole term currently operable. See Docket Entry No. 1, at 2.

Having no information as to whether Petitioner raised *that* challenge timely under the AEDPA and, in addition, having no certainty that Petitioner duly exhausted his challenges in the state fora, this Court finds it unwarranted to sua sponte re-qualify the Petition at bar into a § 2254 application. However, out of an abundance of caution, the Court will direct the Clerk to commence a new and separate § 2254 matter for Petitioner, where Petitioner would be allowed an opportunity to detail the timeliness, exhaustion and substance of his challenge in the event he so desires and if he submits his filing fee of $5 (or his in forma pauperis application).

IT IS, therefore, on this **8th** day of **January 2014**,

**ORDERED** that the Clerk shall terminate this matter for lack of Section 2241 jurisdiction by making a new and separate entry on the docket of this matter reading, "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

**ORDERED** that the Clerk shall commence a new and separate matter for Petitioner, designating "DONALD PRATOLA" as

4

"Petitioner," "Warden of SSCF" as "Respondent," "Cause" as "28:2254 Petition for Writ of Habeas Corpus (State)," and "Nature of Suit" as "530 Habeas Corpus (General)," and shall assign that new matter to the undersigned; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in that new matter and Petitioner's application (docketed in the latter with the docket text reading, "PETITIONER'S ORIGINAL SUBMISSION ASSERTING AN INCORRECT JURISDICTIONAL BASIS"; and it is further

**ORDERED** that the Clerk shall terminate that new matter by making a new and separate entry on the docket of that matter reading, "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

**ORDERED** that Petitioner may have that new matter reopened in the event he submits, within thirty days from the date of entry of this Order, his filing fee of $5 (or his complete in forma pauperis application)[2] and accompanies the same with his amended

---

[2] Specifically, in a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b). Consequently, to submit an application to proceed in forma pauperis in a habeas case, the prisoner must: (a) complete all questions in his/her affidavit, sign and date that affidavit; and (b) obtain the signature of the appropriate prison official who certifying the

pleading: (a) detailing his challenges to the May 29, 2012, order; and (b) showing cause as to why these challenges should not be dismissed with prejudice, as untimely, and/or dismissed without prejudice, as unexhausted in state fora; and it is finally

**ORDERED** that the Clerk serve a this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank <u>in</u> <u>forma</u> <u>pauperis</u> form for prisoners seeking to bring a habeas action, and enclose in said mailing a copy of the docket sheet generated in the new matter opened for Petitioner.

                                       <u>s/Renée Marie Bumb</u>
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**

---

prisoner's present and the greatest six-month amounts. <u>See</u> <u>id.</u>