NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                            :

DONNIE PRATOLA,            :

                            :   Civil Action No. 13-7628
                            :   (RMB)

           Petitioner,   :

                            :

           v.             :   **MEMORANDUM OPINION AND ORDER**

                            :

SOUTHERN STATE             :

CORRECTIONAL FACILITY, et al.,  :

                            :

           Respondents.  :
_____:

**BUMB**, District Judge:

This matter comes before the Court upon Petitioner's submission of: (a) two Petitioner's amended pleadings, see Docket Entries Nos. 5 and 12; (b) Petitioner's application to proceed in this matter in forma pauperis, see Docket Entry No. 4; and (c) Petitioner's numerous applications, motions and letters docketed as Docket Entries Nos. 3, 5, 6, 7, 8, 9, 13 and 14.

Petitioner is a state prisoner confined at the Southern State Correctional Facility, Delmont, New Jersey; he is serving, inter alia, a life sentence.[1]  See id.  On December 18, 2013, the

_____
[1]  The New Jersey Department of Corrections website shows that Petitioner is serving numerous sentences (with the life term being the longest) for two groups of offenses, one committed on June 10, 1982, and another committed on May 18,

Clerk received Petitioner's submission styled as a § 2241 petition ("Original Petition"); that submission gave rise to <u>Pratola v. Southern State Corr. Facility</u>, Civil Action No. 13-7628. The Original Petition asserted that Petitioner had six parole hearings between 1999 and 2012, and the New Jersey Parole Board declined to release him on parole after each hearing. <u>See</u> <u>id.</u>, Docket Entry No. 1, at 1-2. Displeased with those developments, Petitioner filed his Original Petition demanding immediate release and maintaining that his rights must have been violated by the aforesaid denials of parole in light of the fact that the minimum parole ineligibility period applicable to life sentences, under the state law, is shorter than the term Petitioner has served thus far. <u>See</u> <u>id.</u> at 2-4.

This Court screened the Original Petition under Habeas Rule 4,[2] <u>see</u> <u>id.</u>, Docket Entry No. 2, and explained to Petitioner that

---

1981. <u>See</u> https://www6.state.nj.us/DOC_Inmate/details?x=1005387&n=0.

[2] Habeas Rule 4 requires the court to <u>sua</u> <u>sponte</u> screen and dismiss a habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4, applicable to Section 2241 actions through Habeas Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland v. Scott</u>, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994).

the Court was without § 2241 jurisdiction to entertain his
challenges, regardless of their procedural/substantive merits or
deficiencies, since Section 2241 "confer[ed] habeas jurisdiction
to hear the petition of a federal prisoner," <u>Woodall v. Fed.</u>
<u>Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005) (citing
<u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001), while § 2254
conferred jurisdiction to entertain habeas petitions filed by
persons "in custody pursuant to the judgment of a State court."
<u>Id.</u> at 2-3 (quoting 28 U.S.C. § 2254(b)).

To enable Petitioner's proper litigation of his habeas
claims, if any, this Court directed the Clerk to commence the
instant § 2254 habeas matter for Petitioner.  In conjunction
with the same, this Court explained to Petitioner a few
threshold requirements associated with a § 2254 action.  <u>See</u>
<u>Pratola</u>, Civil Action No. 13-7628, Docket Entry No. 2.  For
instance, this Court pointed out that a § 2254 petition must be
timely within the meaning of the Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA"), that the litigant must be
in custody under the very order he is challenging at the time he
files his § 2254 petition attacking that order, and that his
claims must be duly exhausted in the state forum.  <u>See id.</u> at 3-
4.  Since the sole challenge Petitioner could, seemingly, raise

in light of these requirements was "a timely, duly exhausted §
2254 attack on his [latest, i.e.,] May 29, 2012, parole hearing
that imposed his denial-of-parole term currently operable," id.
at 4, this Court allowed him an opportunity to elaborate on his
challenges to *that* order.  Toward that end, this Court granted
Petitioner an opportunity to file an amended § 2254 petition
"detail[ing] the timeliness, exhaustion and substance of his
challenge."  Id. at 4-6.

In response, Petitioner filed:

(a)   a letter expressing his displeasure with the Appellate
      Division's July 2013 proceeding; see Instant Action, Docket
      Entry No. 3;

(b)   an application maintaining that this Court erred in its
      finding that Petitioner's challenges could not be raised
      under § 2241,[3] but nonetheless asserting, as an alternative

---

[3]   In support of his position that this Court erred in its
jurisdictional finding, Petitioner cited 28 U.S.C. 2241(c)(3).
However, § 2241(c)(3) confers jurisdiction to entertain habeas
claims of a *federal* prisoner maintaining that he "is in custody
in violation of the Constitution or laws or treaties of the
United States," and has no relation to Petitioner, who is
confined pursuant to a *state* order of conviction and a *state*
order denying him parole.

jurisdictional basis, 28 U.S.C. § 1361;[4] see Instant Action, Docket Entry No. 5;

(c)   a motion seeking production of "the complete file of the New Jersey state Parole Board and the Department of Corrections [for Petitioner's] inspection [of what he believes to be] the defects that cause[d] [Petitioner's] constitutional rights to be violated [during] these past 18 years since February 21, 1996"; see Instant Action, Docket Entry No. 6;[5]

---

[4]   Petitioner's reliance on § 1361 is without merit.  Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction.  28 U.S.C. § 1651(a).  Moreover, to be eligible for mandamus relief under 28 U.S.C. § 1361, a party must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (internal citation omitted).  Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable."  Id. at 381 (internal citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances."  Id.  Here, Petitioner is availed to alternative means to seek the relief he desires: by proceeding with a proper § 2254 habeas action.  In addition, he failed to establish, thus far, that he is entitled any relief.  Hence, his right to relief cannot be clear and indisputable.  Finally, no statement in Petitioner's voluminous filings indicates that a mandamus writ is an appropriate remedy.

[5]   Petitioner's motion, to the extent it could be construed as an application to expand the record with regard to his latest parole hearing, is without merit.  The court sitting in habeas review is limited to consideration of the record that was before the state court which adjudicated the claim on the merits and,

(d)   a letter expressing Petitioner's displeasure with this

Court's obligation not to direct responsive pleading unless

Petitioner's challenges pass muster under Habeas Rule 4;

<u>see</u> Docket Entry No. 7;

(e)   a memorandum repeating Petitioner's challenges raised in

the Original Petition, citing a certain state decision that

reversed a Parole Board's order denying parole to a certain

inmate, quoting a certain psychologist's alleged statement

to Petitioner and asserting that Petitioner was entitled to

be immediately released because "[t]he Parole Act of 1979

create[d a] sufficient expectancy of parole eligibility";

<u>see</u> Instant Action, Docket Entry No. 8;[6] and

---

thus, cannot expand the record. <u>See</u> <u>Cullen v. Pinholster</u>, 131
S. Ct. 1388, 1398-1401 (2011).  To the extent Petitioner's
motion could be construed as an application seeking production
of documents as to any other issue, <u>e.g.</u>, Petitioner's prior
parole hearings, such application is barred by: (a) the in-
custody requirement (since the prior hearings have no relation
to the order underlying Petitioner's current confinement); and,
also (b) Habeas Rule 2(e), pursuant to which a litigant cannot
challenge different determinations in a single habeas petition.
<u>See</u> 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 through
Rule 1(b)).

   [6]  While states may create a protected-by-the-Due-Process-
Clause inmate's entitlement in a parole <i>hearing</i>, the law does
not recognize a "constitutional or inherent right of a convicted
person to be conditionally released before the expiration of a
valid sentence."  <u>Greenholtz v. Inmates of Neb. Penal & Corr.</u>
<u>Complex</u>, 442 U.S. 1, 7 (1979).  Thus, a state's parole board's
decision to deny parole cannot impinge on any procedural due

(f) a motion reiterating, again, the challenges raised in the
   Original Petition and requesting leave to pursue an
   interlocutory appeal; see Instant Action, Docket Entry No.
   9.[7]

   On June 2, 2014, in light of Petitioner's "numerous letters
and motions," this Court directed the Clerk to "restore this
matter to this Court's active docket." Instant Action, Docket
Entry No. 10.

---

process interests. See, e.g., Stephens v. Chairman of Pa. Bd.
of Prob. & Parole, 173 F. App'x 963, 965 (3d Cir. 2006)
(explaining that the United States Supreme Court has held that
"an expectation of release on parole is not a constitutionally
protected liberty interest") quoting Jago v. Van Curen, 454 U.S.
14 (1981)). Here, Petitioner's numerous submissions establish
that Petitioner was indeed provided with many parole *hearings*,
although the outcomes of those hearings were not to his liking.
However, his displeasure with those outcomes cannot implicate
any federal constitutional right. See id.

   [7] The appropriate standard for an order granting permission
for an interlocutory appeal is whether: (a) the underlying order
"involves a controlling question of law as to which there is
substantial ground for difference of opinion"; and (b) "an
immediate appeal from the order may materially advance the
ultimate termination of the litigation." 28 U.S.C. § 1292(b).
Here, there is no difference of opinion that a § 2254 habeas
challenges must be timely, duly exhausted and raised by a
litigant who is in custody under the order he is attacking.
Since this Court's prior order reached solely that conclusion,
and an immediate appeal from that order could not advance the
ultimate termination of this litigation, and since Petitioner's
claims appear deficient, as detailed infra, Petitioner's motion
seeking an interlocutory appeal was facially meritless.

During the two weeks that followed, Petitioner filed:

(a)   a letter complaining that Respondent filed no responsive
       pleading,[8] and seeking appointment of a federal public
       defender to represent Petitioner in this matter;[9] see
       Instant Action, Docket Entry No. 11;

(b)   another motion to amend the Original Petition, this time
       reflecting on the events of his 2002 parole hearing long
       superceded by his following parole hearings, including the

_____

       [8]  There is no compulsory service in habeas matters and, a
fortiori, no compulsory obligation to answer: such obligations
could be given rise only by a judicial order.  See 28 U.S.C. §
2243 (federal district courts have a pre-service duty to screen
and summarily dismiss petitions showing that the petitioners are
not entitled to relief); see also Habeas Rule 4 (same); accord
Saunders v. Taylor, 1997 U.S. Dist. LEXIS 3320 (D. Del. Feb. 27,
1997) (motion for default judgment is unavailable in habeas
corpus proceedings).

       [9]  Litigants do not have a constitutional right to counsel
in habeas proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263
(3d Cir. 1991), superseded on other grounds by statute, 28
U.S.C. § 2254.  Moreover, while 18 U.S.C. § 3006A(a)(2)(B)
provides that the court has discretion to appoint counsel where
"the court determines that the interests of justice so require,"
the Court of Appeals explained that in determining whether
counsel should be appointed depend on whether "the petitioner
has presented a nonfrivolous claim" and "the appointment of
counsel will benefit the petitioner and the court.  Factors
influencing a court's decision include the complexity of the
factual and legal issues in the case, as well as the pro se
petitioner's ability to investigate facts and present claims."
Id. at 263-64.  Here, an appointment of counsel is unwarranted
since Petitioner's claims are straightforward and, as detailed
infra, appear deficient.

latest hearing in 2012; <u>see</u> Instant Action, Docket Entry No. 12;

(C)   a letter requesting discovery and oral arguments, and stating Petitioner's belief that "the New Jersey State Parole Board [was] caught [by him] using fabricated evidence from October 1, 2002[,] until 2007";[10] Instant Action, Docket Entry No. 13; and

(d)   a letter expressing Petitioner's displeasure with the lack of this Court's ruling on his motions seeking discovery and to amend his Original Petition, as well as with Petitioner "never receiv[ing] any confirmation of counsel being appointed by the [S]tate to contest [P]etitioner's applications."  Instant Action, Docket Entry No. 14.

One month later, Petitioner supplemented the foregoing chain of motions, letters and applications with two more

---

[10]   Since the undisclosed and allegedly fabricated evidence to which Petitioner referred was not used in parole hearings that took place after 2007, and was not a basis for the determination reached by the Parole Board upon Petitioner's latest parole hearing in 2012 (that resulted in the denial-of-parole order underlying Petitioner's current confinement), the alleged falsity of this evidence, even if true, appears wholly irrelevant to Petitioner's claims attacking the order for the purposes of which he can, seemingly, satisfy the "in-custody" requirement.

letters.  One was addressed to this Court and demanded "speedy release" on the grounds of Petitioner's impression that "[t]he record should reflect that the Essex County Prosecutor[']s Office, along with the New Jersey State Parole Board[,] are caught fabricating evidence on October 1, 2002, with evidence to restrain [P]etitioner.  . . . [P]etitioner asks that Summary Judgment be granted, because very certainly the case against the prosecution, who is most likely responsible for this miscarriage/travesty of justice, be held accountable for their actions."  Instant Action, Docket Entry No. 14, at 1-2 (capitalization, grammar and punctuation in original).[11]  The

---

[11]  The sole appropriate Respondent in a habeas matter commenced by a litigant challenging his current custody is that litigant's warden, not a prosecutor who prosecuted the litigant's case more than three decades ago.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004)(the petitioner's immediate custodian is the sole appropriate respondent).  Moreover, a motion for summary judgment is a device of the Federal Rules of Civil Procedure, governing civil rather than habeas matters, where the precedence is taken by the Habeas Rules.  Correspondingly, a summary judgment might be appropriate "in a habeas case, [but only if] the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Wilson v. Beard, 2006 U.S. Dist. LEXIS 56115, at *11, n. 3 (E.D. Pa. Aug. 9, 2006) (quoting Forman v. Cathel, 2006 U.S. Dist. LEXIS 18137 (D.N.J. March 23, 2006), and Fed. R. Civ. P. 56(c)).  Here, there was no answer, no depositions, no record and no file: all this Court was presented with were Petitioner's bold assertions as to unspecified falsified evidence that produced a 2002 denial of

other letter was addressed to the Hon. Jerome B. Simandle, the Chief Judge ("Judge Simandle"), see Instant Action, Docket Entry No. 15, and requested Judge Simandle's intervention in the instant matter upon: (a) asserting that Petitioner's claims were left unaddressed by this Court for nine months;[12] and (b) stating Petitioner's belief that a certain court rule required this Court's ruling on his habeas challenges "within 30 days of [his] filing [of the] petition."[13]   See id. at 1-2.

Petitioner's submissions indicate his confusion as to the jurisdictional, procedural and substantive requirements associated with § 2254 habeas review.  As this Court already explained in its prior decision, in order for this Court to have

_____

parole order long superceded by the chain of later denial of parole orders which, in turn, were superceded by Petitioner's currently-operating 2012 denial of parole order.

[12]  Petitioner's Original Petition was filed in the currently terminated § 2241 matter (Pratola v. Southern State Corr. Facility, Civil Action No. 13-7628).  That filing was executed less than nine months ago, and the Original Petition was dismissed for lack of jurisdiction on January 8, 2014, with guidance as to what the content of his amended pleading should be. Subsequently, the instant § 2254 matter was commenced. Judge Simandle declined Petitioner's invitation to intervene in this matter, and pointed out that the pleading in Pratola v. Southern State Corr. Facility, Civil Action No. 13-7628, was screened, and the case was terminated. See Instant Matter, Docket Entry No. 16.

[13]  This Court is not aware of any such court rule.

11

jurisdiction over Petitioner's parole challenges, Petitioner must challenge the denial-of-parole order underlying his current confinement, not a prior denial-of-parole order that has been superceded by the currently operating order.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam) (a habeas petitioner cannot remain "'in custody' under [an order that] has fully expired"); Dessus v. Commonwealth of Penn., 452 F.2d 557, 559-60 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972) ("[C]ustody is the passport to federal habeas corpus jurisdiction").  Since that currently operable denial-of-parole order appears to be the 2012 order, Petitioner's parole challenges must be limited to that order, and that order only.

Next, Petitioner's challenges must be duly exhausted. While Petitioner's submissions made a few references to a 2013 proceeding before the Appellate Division, it is unclear whether Petitioner, being dissatisfied with the Appellate Division's ruling, sought certification from the Supreme Court of New Jersey.  In the event Petitioner failed to seek certification, his challenges cannot qualify as properly exhausted, even if the chances that the New Jersey Supreme Court would certify his petition for certification and grant him the requested relief are small.  If his challenges to his currently-operable denial-

12

of-parole order are unexhausted, they are subject to dismissal without prejudice unless Petitioner establishes a valid excuse from the exhaustion requirement.[14]

In addition, even if Petitioner duly exhausted his challenges to the denial-of-parole order underlying his current confinement, his claims raised in the instant matter must: (a) be timely (i.e., his Original Petition had to be filed within one year from the date when his AEDPA period was triggered); and, in addition, (b) present challenges "substantially equivalent" to the claims asserted by Petitioner in the state forum.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also

---

[14]   In determining whether state court review is available, this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" Petitioner's federal claims.  Lambert v. Blackwell, 134 F.3d 506, 516 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).  "[U]nless [an actual] state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for non-exhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim."  Id. at 517.  For example, the petitioner in Toulson v. Beyer, 987 F.2d 984, was a New Jersey prisoner who filed a § 2254 petition challenging his conviction on five grounds.  The Appellate Division had affirmed his conviction on all five grounds, and the New Jersey Supreme Court had denied his petition for certification, which raised only two grounds.  The Court of Appeals ruled that Toulson's petition had to be dismissed without prejudice for failure to exhaust "[b]ecause no state court has concluded that [he] is procedurally barred from raising his [three] unexhausted claims and state law does not clearly require a finding of default."  Id. at 989.

Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004) (the claims a litigant presents in the state courts must be substantially the same claim he asks the federal courts to review).[15]

Finally, and paramount here, the claims Petitioner may raise before this Court – and had to exhaust in the state forum – must be *federal* claims, not claims based on *state* law or on the Parole Board/state courts' misapplication of *state* law.  See Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("errors of state law cannot be repackaged as federal errors").  For instance, the violation of a right created by state evidentiary law is not itself cognizable as a basis for federal habeas

---

[15]  Reliance on the same constitutional provision is not sufficient: both the legal theory and factual predicate must also be the same with regard to each particular claim.  See Picard, 404 U.S. at 277.  "The rationale of the 'substantial equivalent' requirement is self-evident in light of the standard of review applicable to federal habeas actions: habeas relief focuses on whether the state court's adjudication of the petitioner claim "resulted . . . or involved an unreasonable application of . . . Supreme Court precedent." Salas v. Warren, 2013 U.S. Dist. LEXIS 59728, at *13, n.3 (D.N.J. Apr. 25, 2013) (quoting 28 U.S.C. § 2254(d)).  "If the legal theory and/or the factual predicate of each claim presented to the state courts differed from the legal theory and factual predicate of the claim presented for federal habeas review, the federal court has no basis to conclude that the state courts unreasonably applied the governing Supreme Court precedent, because each Supreme Court precedent (and any legal precedent) is composed of a particular factual predicate and a particular rule of law, and so this precedent can only be applied to substantially same set of circumstances and legal challenges." Id.

relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Ross v. Dist. Attorney of the Cnty. of Allegheny, 672 F.3d 198, 207 n. 5 (3d Cir. 2012) (citing Estelle, 502 U.S. at 62).  Here, Petitioner's submissions rely on state law and, essentially, assert an evidentiary error by the Parole Board (committed in 2002 and/or repeated between 2002 and 2007).  If these statements correctly reflect Petitioner's challenges, such challenges fall outside the scope of federal habeas review, since they are state claims (that is, in addition to being challenges attacking long-superceded denial-of-parole orders that cannot satisfy the "in-custody" requirement).

Hence, while Petitioner's filings have been as numerous, this Court is left without an inkling as to what Petitioner's *federal* claims attacking his currently-operable denial-of-parole order are, whether those claims were duly exhausted in the state forum and if these claims are timely.  Correspondingly, both Petitioner's motions to amend will be construed as his amended petitions, and dismissed for failure to assert a constitutional violation or a claim over which this Court has jurisdiction.

However, out of an abundance of caution, this Court will allow Petitioner one more chance to state his § 2254 habeas challenges to his currently-operable denial-of-parole order with the requisite degree of specificity.  "Habeas corpus petitions must meet heightened pleading requirements."  McFarland, 512 U.S. at 856.[16]

IT IS, therefore, on this 19th day of August, 2014,

---

[16]   Thus, Petitioner shall file a document titled "Amended § 2254 Petition," stating, clearly and concisely: (a) when his currently-operable denial-of-parole order was issued; (b) whether Petitioner challenged that order before the Appellate Division and the Supreme Court of New Jersey, and when the state courts rulings were entered; (c) which federal claims Petitioner raised before the state courts, and what factual predicate he asserted in support of each of those claims; (d) which of these federal claims Petitioner wishes to raise for the purposes of this Court's habeas review; and (e) what is the basis of Petitioner's position that the state courts' determinations denying him relief as to those claims were unreasonable applications of the United States Supreme Court precedent. While this Court is mindful of Petitioner's emotions, this Court's Article III mandate limits its jurisdiction only to resolution of not-mooted cases or controversies.  Therefore, this Court encourages Petitioner to draft a thoughtful amended petition, free of irrelevant matters, reflections on the events unrelated to his current challenges and expressions of Petitioner's bold conclusions.  "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary." In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

ORDERED that Petitioner's amended pleadings, Docket Entries Nos. 5 and 12, are dismissed; and it is further

ORDERED that Petitioner's application to proceed in this matter in forma pauperis, Docket Entry No. 4, is granted; and it is further

ORDERED that Petitioner's applications, Docket Entries Nos. 3, 5, 6, 7, 8, 9, 13 and 14, are denied; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED," subject to reopening in the event Petitioner files a timely and duly executed amended § 2254 petition, see Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is further

ORDERED that this Court retains its jurisdiction over this matter for the period of 150 days; and it is further

ORDERED that, within sixty days from the date of entry of this Memorandum Opinion and Order, Petitioner may, if he so desires, file his amended petition in this matter, provided that

17

such amended petition is executed in accordance with the guidance provided to Petitioner herein; and it is further

ORDERED that Petitioner's future filings, if they are other than his amended petition executed in accordance with the guidance provided to Petitioner herein, might be stricken from the docket, as filed in violation of the terms of this Memorandum Opinion and Order, in the event such measure is appropriate; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested.

/s/Renée Marie Bumb_____
RENÉE MARIE BUMB,
United States District Judge

18