<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                              :
DONNIE PRATOLA,               :
                              :  Civil Action No. 13-7628 (RMB)
        Petitioner,           :
                              :
        v.                    :
                              :
SOUTHERN STATE                :
CORRECTIONAL FACILITY, et al.,:
                              :
        Respondents.          :
_____:
                              :
DONNIE PRATOLA,               :
                              :  Civil Action No. 14-0119 (RMB)
        Petitioner,           :
                              :
        v.                    :  **<u>MEMORAMDUM OPINION AND ORDER</u>**
                              :  **<u>   APPLIES TO BOTH ACTIONS</u>**
WARDEN OF SSCF,               :
                              :
        Respondent.           :
_____:

**BUMB**, District Judge:

    These two matter are before the Court upon Petitioner's filing of two motions that were docketed in each of the above-captioned matters.  See <u>Pratola v. SSCF</u> ("<u>Pratola-I</u>"), Civil Action No. 13-7628 (RMB), Docket Entries Nos. 7 and 8, and <u>Pratola v. Warden of SSCF</u> ("<u>Pratola-II</u>"), Civil Action No. 14-0119 (RMB), Docket Entries Nos. 21 and 22.

Petitioner is a state prisoner confined at the Southern State Correctional Facility, Delmont, New Jersey. He is serving a life sentence.[1]  See id.

On December 18, 2013, the Clerk received Petitioner's submission styled as a § 2241 petition ("Original Petition"); that submission gave rise to Pratola-I and asserted that Petitioner had six parole hearings between 1999 and 2012, and the New Jersey Parole Board declined to release him on parole after each hearing.  See Pratola-I, Docket Entry No. 1, at 1-2.  The Original Petition (a) asserted that Petitioner's rights had to be violated by the aforesaid denials since the minimum parole ineligibility period applicable, under the state law, to life sentences, was shorter than the term Petitioner already served; and (b) sought Petitioner's immediate release.  See id. at 2-4.

This Court explained to Petitioner that the Court was without § 2241 jurisdiction to entertain his challenges in a Section 2241 proceeding.  See id., Docket Entry No. 2.

---

[1]  The New Jersey Department of Corrections website shows that Petitioner is serving numerous sentences (with the life term being the longest) for two groups of offenses, one committed on in 1982, and another committed in 1981.  See https://www6.state.nj.us/DOC_Inmate/details?x=1005387&n=0.  Petitioner's latest filing disputes this fact, claiming that his 1982 conviction should be equated to his 1981 conviction since the 1982 conviction was based on the event discovered during the investigation of the events that led to his 1981 conviction.  See Pratola-I, Docket Entry No. 8, at 2.  However, for the purposes of this Court's analysis conducted at this juncture, this discrepancy is of no relevance, as is Petitioner's conviction in 1959.

To enable Petitioner's litigation of his habeas claims, this Court directed the Clerk to commence Pratola-II, a § 2254 habeas action. In conjunction with the same, this Court explained to Petitioner a few threshold requirements associated with a § 2254 action. See Pratola-I, Docket Entry No. 2. For instance, this Court pointed out that a § 2254 petition must be timely within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that the litigant must be in custody under the very order he is challenging at the time he files his § 2254 petition attacking that order, and that his claims must be duly exhausted in the state forum. See id. at 3-4. Since the sole challenge Petitioner could, seemingly, raise in light of these requirements was "a timely, duly exhausted § 2254 attack on his [latest, i.e.,] May 29, 2012, parole hearing that imposed his denial-of-parole term currently operable," id. at 4, this Court allowed Petitioner an opportunity to elaborate on his challenges to *that* order in an amended § 2254 petition filed in Pratola-II.

In response, Petitioner did not file an amended pleading; rather, he filed numerous letters and applications indicating his substantial confusion. See Pratola-II, Docket Entry No. 17, at 4-10. Therefore, this Court re-explained to him that Petitioner could challenge only his currently operable order denying parole, that his challenges had to be limited to federal claims, that each of those federal claims had to be duly exhausted in all

levels of the state courts empowered to hear those claims, i.e., the Appellate Division and the New Jersey Supreme Court, and that those claims had to be timely under the AEDPA. With that, this Court allowed Petitioner one more chance to resubmit his amended § 2254 petition in Pratola-II. See Pratola-II, Docket Entry No. 17. In response, Petitioner submitted his motions at bar; these motions seemingly contradict each other, and the latter motion evinces Petitioner's continuous confusion as to jurisdictional, procedural and substantive requirements associated with federal § 2254 review.[2]

Presuming, without making a factual finding to that effect, that Petitioner's direct appellate state challenges were completed on December 18, 2013, Petitioner's AEDPA period was triggered ninety days later, i.e., when his time to seek

---

[2] The first motion states "I am respectfully requesting that you dismiss the complete matter without prejudice, so I can revise the petition and reconstruct all issues. I received your order and do understand." Pratola-II, Docket Entry No. 21. Thus, this motion suggests that Petitioner wishes to commence a new and separate Section 2254 matter. The second motion, however, indicates that Petitioner wishes to continue with his already-commenced litigation since it states stated that his "amended petition will be forthcoming," Pratola-II, Docket Entry No. 22, at 2 (spelling corrected), recited state law and re-alleged Petitioner's original claim by stating "I am collaterally attacking the duration of time spent on[]one single . . . sentence [that imposed life imprisonment on the basis of murder conviction," id. ("14/15 years for parole release, not forever"), and indicated that the Supreme Court of New Jersey denied Petitioner certification on December 18, 2013. See id. at 4. This Court, therefore, concludes that Petitioner's motions were meant to seek dismissal of Pratola-I and to state Petitioner's interest in continuing his Pratola-II litigation.

certiorari from the United States Supreme Court expired. Thus, Petitioner's so-presumed one-year AEDPA period of limitations should continue running until March 17, 2015, inclusive.

Correspondingly, since his submissions suggest that he is within his period of limitations and held under the 2012 denial of parole order he is challenging now, the inquiry at hand is narrowed down to the nature of his claims and his proper exhaustion of those claims.

While Petitioner is, seemingly, under the impression that he is necessarily entitled to release on parole after serving a certain number of years, Petitioner errs: his sentence is a life term to which no guarantee of release on parole attaches after a certain period of time, be it under the state law or federal law. Moreover, for the purposes of federal § 2254 review, the inquiry is never framed in terms of when a guaranteed release on parole attaches.  Federal courts do not sit in quasi-appellate review of state courts and, <u>a fortiori</u>, they do not act as quasi-appellate bodies supervising the Full Board of the Parole Board.  See <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state proceedings and may intervene only to correct wrongs of constitutional dimension").  Rather, the federal inquiry triggered by a § 2254 review is whether the findings of the parole board (that elected to deny release of a

certain inmate on parole) were such that these findings violated the inmate's due process rights.

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). But the Supreme Court explained "that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833, 847-48 (1998) (citations and internal quotation marks omitted). Hence, a denial of parole qualifies as a violation of constitutional dimensions only if it is unsupported by "some evidence."

Under this standard, the Court of Appeals rejected substantive due process challenges to state parole board decisions in Coady v. Vaughn, 251 F.3d at 487, and Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). In Coady, the prisoner insisted that the parole board's decision violated his due process rights because the board used an impermissible criteria to deny him parole, applied erroneous descriptions of the conduct underlying his offense, and considered false information. The Court of Appeals rejected his claims pointing out that "federal courts [were] not authorized by the due process clause to second-guess parole boards and the requirements of

6

substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487.

Moreover, in Hunterson, the Court of Appeals *reversed* an order granting the writ to a New Jersey inmate who claimed that a parole board's decision imposing a five-year FET was arbitrary, capricious, and an unreasonable abuse of discretion. The Court of Appeals explained that

> [a] constitutional challenge to a state [parole] proceeding is not easily mounted. We have made clear that the federal courts, on habeas review, are not to second-guess parole boards, and the requirements of substantive due process are met *if there is some basis for the challenged decision* . . . . The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times conscience shocking or deliberately indifferent.

Hunterson, 308 F.3d at 246-47 (citations and internal quotation marks omitted, emphasis supplied).

Thus, if the decision of the parole board was based on "some evidence," that decision is constitutionally valid for the purposes of § 2254 review, even if the inmate sincerely believes that the parole board improperly balanced the favorable and unfavorable factors, or that the parole board factored in the events or evidence which the inmate characterizes differently or disagrees with. See id. Thus, Petitioner's statements that: (a) he "had no prior record before coming to prison [of] these bogus charges"; or (b) he should have qualified for parole because of

his favorable "progress report, psyche reports and programs completed"; or (c) he should have been released on parole because he was in confinement longer than the minimum prison period applicable to life sentences under the state law, cannot have any relevance to this Court's legal analysis conducted under § 2254. This Court's legal analysis is reduced to one, and only one inquiry, i.e., did the state courts unreasonably apply Supreme Court precedent set forth in Lewis and Foucha when they concluded that the parole board did not violate Petitioner's rights by denying him release on parole in 2012?  If the record presented to the state courts shows that the parole board based its denial on "some evidence" (i.e., the parole board's decision was not rendered in complete absence of facts or was not based on a mere scintilla of evidence), then the state courts' affirmance of the parole board determination does not offend the governing Supreme Court precedents, and the inmate is not entitled to § 2254 relief.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1398-1401 (2011) (the court sitting in habeas review is limited to consideration of the record that was before the state court which adjudicated the claim on the merits and, thus, cannot expand the record); accord Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) (if the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot

credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent).

Hence, the sole federal issue Petitioner may raise in attacking his 2012 denial of parole is that the parole board's decision was either wholly unsupported by facts or that it was supported by facts that could not qualify as a bona fide evidence.  If Petitioner raised *that* claim before the Appellate Division *and* in his application for certification by the New Jersey Supreme Court, then that claim is duly exhausted and ripe for this Court's habeas review under § 2254, and Petitioner may raise *that* claim (and the facts he presented to the state courts in support of that claim) for this Court's § 2254 review.  In contrast, Petitioner's allegations stated thus far (e.g., his state law challenges, assertions as to the advancements he made in prison, discussions of the minimum period of incarceration applicable to life sentences, etc.), even if those allegations were timely and duly exhausted in the state courts, cannot entitle Petitioner to federal habeas relief.  These allegations simply fall outside this Court's subject matter jurisdiction much like Petitioner's challenges to his prior parole hearings that produced now-superseded orders of conviction fall outside this Court's jurisdiction.

In light of the foregoing, this Court will allow Petitioner to re-plead his *viable* claims, if any, by filing an amended pleading in Pratola-II.  The Court, however, notes that – until and unless Petitioner's recently commenced appeal to the United States Court of Appeals for the Third Circuit is resolved – this Court is and will remain without jurisdiction to act on Petitioner's amended pleading, even if that pleading states a viable claim.  See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("[the litigant's act of] filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal"); see also Ingram v. Warden,  2011 U.S. Dist. LEXIS 7033, at *3 (D.N.J. Jan. 24, 2011) ("Simply put, [a litigant] cannot 'hedge his bets' by hoping that either continuing proceedings before this Court or his appeal before the Court of Appeals . . . would yield a favorable result").

IT IS, therefore, on this **21st** day of **November 2014**,

**ORDERED** that the Clerk shall reopen each above-captioned matter by making a new and separate entry on the docket of each matter reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's application docketed in Pratola v. SSCF, Civil Action No. 13-7628, as Docket Entry No. 7, is granted, and the Clerk shall close Pratola v. SSCF, Civil Action

10

No. 13-7628, by making a new and separate entry on the docket of that matter reading, "PETITIONER'S CLAIMS ARE DEEMED WITHDRAWN. CIVIL CASE CONCLUSIVELY CLOSED.  NO FURTHER FILINGS SHALL BE MADE BY PETITIONER IN THIS MATTER.  NO OTHER DOCUMENTS SHALL BE FILED BY THE CLERK IN THIS MATTER"; and it is further

**ORDERED** that Petitioner's motion docketed in <u>Pratola v. Warden of SSCF</u>, Civil Action No. 14-0119, as Docket Entry No. 22 is granted insofar that Petitioner's time to submit his amended petition is extended for the period of sixty days.  These sixty days shall be counted either from the date of entry of this Memorandum Opinion and Order or from the date when the United States Court of Appeals for the Third Circuit rules on Petitioner's appeal, whichever date is later; and it is further

**ORDERED** that the Clerk shall administratively terminate <u>Pratola v. Warden of SSCF</u>, Civil Action No. 14-0119, by making a new and separate entry on the docket of that matter reading, "CIVIL CASE TERMINATED SUBJECT TO REOPENING IN THE EVENT PETITIONER TIMELY SUBMITS HIS AMENDED PETITION"; and it is further

**ORDERED** that Petitioner may have <u>Pratola v. Warden of SSCF</u>, Civil Action No. 14-0119, reopened if his timely submits (in *that* matter) his amended petition stating a claim cognizable for the purposes of Section 2254 review, as explained herein; and it is further

11

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing a blank Section 2254 petition form; and it is finally

**ORDERED** that the Clerk shall serve a complimentary copy of this Memorandum Opinion and Order upon the Clerk of the United States Court of Appeals for the Third Circuit.  Such service shall be executed by means of electronic delivery and accompanied by a notation reading, "SERVICE EXECUTED FOR NOTICE PURPOSES ONLY IN CONNECTION WITH USCA CASE NUMBER 14-3587."


                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**